| | |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **NORTHERN DISTRICT OF CALIFORNIA** |
|   | **SAN JOSE DIVISION** |

------------------------------------------------------------------ x

| | |
|---|---|
| SANTA CRUZ LESBIAN AND GAY COMMUNITY CENTER d/b/a THE DIVERSITY CENTER OF SANTA CRUZ; LOS ANGELES LGBT CENTER; AIDS FOUNDATION OF CHICAGO; B. BROWN CONSULTING, LLC; BRADBURY-SULLIVAN LGBT COMMUNITY CENTER; NO/AIDS TASK FORCE d/b/a CRESCENTCARE; SERVICES AND ADVOCACY FOR GLBT ELDERS; DR. WARD CARPENTER, | Case No. 5:20-cv-07741-BLF  **[PROPOSED] ORDER GRANTING MOTION FOR NATIONWIDE PRELIMINARY INJUNCTION** |
| *Plaintiffs*, | |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF LABOR; EUGENE SCALIA, in his official capacity as Secretary of Labor; CRAIG E. LEEN, in his official capacity as Director of the Office of Federal Contract Compliance Programs; OFFICE OF MANAGEMENT AND BUDGET; RUSSELL VOUGHT, in his official capacity as Director of the Office of Management and Budget; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF JUSTICE; WILLIAM PELHAM BARR, in his official capacity as United States Attorney General; U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; BENJAMIN SOLOMON CARSON, SR., in his official capacity as Secretary of Housing and Urban Development; U.S. DEPARTMENT OF VETERANS AFFAIRS; ROBERT WILKIE, in his official capacity as Secretary of Veterans Affairs; NATIONAL ENDOWMENT FOR THE HUMANITIES; JON PARRISH PEEDE, in his official capacity as Chairman of the National Endowment for the Humanities; NATIONAL ENDOWMENT FOR THE ARTS; MARY ANNE CARTER, in her official capacity as Chairman of the National Endowment for the Arts, | |
| *Defendants*. | |

------------------------------------------------------------------ X

Upon consideration of Plaintiffs' Motion for Nationwide Preliminary Injunctive Relief and Memorandum of Points and Authorities and, with the benefit of oral argument, this Court finds that Plaintiffs have demonstrated a need for preliminary injunctive relief in this case. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). Thus, the Court GRANTS Plaintiff's motion and issues the following preliminary injunction:

1. Defendants are hereby enjoined from enforcing Executive Order 13950 against any recipient of federal funding, including Plaintiffs. Specifically, Defendants shall not:
    a. Condition the receipt of federal funding or contract eligibility on compliance with Executive Order 13950;
    b. Open or conduct investigations of any individual or organization with regard to compliance with Executive Order 13950, including investigations generated from calls to the Department of Labor's hotline;
    c. Conduct assessments as to whether any workplace trainings teaching the "divisive concepts" generate liability under the Civil Rights Act of 1964;
    d. Conduct reviews of agency spending on diversity and inclusion programs, or assess trainings to determine whether they "teach, advocate, or promote" the "divisive concepts" in Executive Order 13950, including through the use of keyword searches of such materials;
    e. Issue further guidance to federal agencies and employees regarding the implementation or enforcement of Executive Order 13950;
    f. Publish any further Requests for Information ("RFI") that seek comments, information, or materials from federal contractors, subcontractors, and their employees regarding workplace trainings involving the concepts prohibited by

        Executive Order 13950, or review any materials provided to any federal agency or employee pursuant to any existing RFI;

  g. Terminate existing governmental contracts or grants for purported non-compliance with:

     i. Any provision of Executive Order 13950,

     ii. Any agency action taken to implement Executive Order 13950, or

     iii. Any term of a contract or grant imposed to implement Executive Order 13950; or

  h. Take any other action, whether or not listed above, intended to effectuate or enforce:

     i. Any provision of Executive Order 13950,

     ii. Any agency action taken to implement Executive Order 13950, or

     iii. Any term of a contract or grant imposed to implement Executive Order 13950.

2. This injunction shall take effect immediately.

3. This injunction shall apply to all Defendants as well as any of Defendants' officers, agents, servants, employees, and attorneys. This injunction shall further apply to any other persons who are in active concert or participation with Defendants or Defendants' officers, agents, servants, employees, and attorneys. Fed. R. Civ. P. 65(d)(2).

4. The Court's reasons for issuing this injunction are contained in a forthcoming opinion, as well as in the transcripts of proceedings held on _____. Fed. R. Civ. P. 65 (d)(1)(A).

5. This injunction shall be in effect until further order of the Court.

1 | **IT IS SO ORDERED.**

3 | Dated this ____ day of _____, 202_

```
                                        _____
                                        BETH LABSON FREEMAN
                                        UNITED STATES DISTRICT JUDGE
```