**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

---------------------------------------------------------------- x
:
SANTA CRUZ LESBIAN AND GAY COMMUNITY : Case No. 5:20-cv-07741-BLF
CENTER, et al., :
: **ORDER GRANTING IN PART**
: **MOTION FOR NATIONWIDE**
*Plaintiffs*, : **PRELIMINARY INJUNCTION**
:
v. :
:
DONALD J. TRUMP, et al., :
:
*Defendants*. :
:
----------------------------------------------------------------X

Upon consideration of Plaintiffs' Motion for Nationwide Preliminary Injunctive Relief and Memorandum of Points and Authorities and, with the benefit of oral argument, this Court finds that Plaintiffs have demonstrated a need for preliminary injunctive relief in this case. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Thus, the Court GRANTS IN PART Plaintiffs' motion and issues the following preliminary injunction against the following organizational defendants and individual defendants in their official capacities, the U.S. Department of Labor and its Secretary, Eugene Scalia; Craig E. Leen, Director of the Office of Federal Contract Compliance Programs ("OFCCP"); the Office of Management and Budget ("OMB") and its Director, Russell Vought; U.S. Department of Health and Human Services and its Secretary, Alex M. Azar II; U.S. Department of Justice and the Attorney General, William Pelham Barr; U.S. Department of Housing and Urban Development and its Secretary, Benjamin Solomon Carson, Sr.; U.S. Department of Veterans Affairs and its Secretary, Robert Wilkie; the National Endowment for the Humanities and its Chair, Jon Parrish Peede; and the National Endowment for the Arts and its Chair, Mary Anne Carter ("Defendants"):

1. Defendants are hereby enjoined from implementing or enforcing Sections 4 and 5 of Executive Order 13950 (the "Executive Order") in any manner against any recipient of

federal funding by way of contract, subcontract, grant, or sub-grant, including Plaintiffs. Specifically, Defendants,

    a. With regard to Section 4(a)(1), shall not insist on, impose, or include provisions in any government contract or subcontract requiring that contractors or subcontractors not use workplace trainings that involve the concepts set forth in Section 4(a)(1) of the Executive Order and agency guidance anticipating or implementing the Executive Order, including OMB Memorandum M-20-34, OMB Memorandum M-20-37, Department of Labor FAQs dated October 7, 2020, and Department of Labor Request for Information dated October 22, 2020; and shall not enforce any such provisions contained in government contracts or subcontracts to the extent that those provisions have already been included;

    b. With regard to Section 4(a)(2), shall not require contractors or subcontractors to provide notice of any commitments under the Executive Order or any contract term inserted pursuant to the Executive Order to their respective labor unions or employee representatives;

    c. With regard to Section 4(a)(3), shall not cancel, terminate, suspend in whole or in part, any contractor or subcontractors' government contracts, nor declare any contractor or subcontractor ineligible for further government contracts, nor impose any other sanctions, on the basis of purported noncompliance with the Executive Order or any agency action implementing Section 4 or 5 of the Executive Order;

    d. With regard to Section 4(a)(4), shall not require contractors to include any provisions in their subcontracts and purchase orders to bind their subcontractors and vendors to the terms of the Executive Order or agency action implementing Section 4 or 5 of the Executive Order, nor require contractors to take action with regard to any subcontract or purchase order to enforce such provisions;

    e. With regard to Section 4(b), shall not utilize any hotline to collect information regarding contractors' alleged noncompliance with the Executive Order or any

agency action implementing Section 4 or 5 of the Executive Order, or investigate any such alleged noncompliance with the Executive Order, received through the OFCCP hotline or any other means, nor take any enforcement action or provide any remedial relief as a result of such alleged noncompliance with the Executive Order;

f. With regard to Section 4(c), shall not publish any additional Requests for Information seeking information from any individual or entity regarding the training, workshops, or programming provided to employees of government contractors or subcontractors with respect to compliance or noncompliance with the Executive Order or any agency action implementing Section 4 or 5 of the Executive Order;

g. With regard to Section 5, shall not insist on, impose, or include—or instruct, require, facilitate, or permit any agency to insist on, impose, or include—conditions in any grant program requiring grant or sub-grant recipients to certify that they will not use federal funds to promote any of the concepts set forth in Section 5 of the Executive Order and agency guidance anticipating or implementing the Executive Order, nor instruct, require, facilitate, or permit any agency review of grant programs or identification of grant programs on which such restrictive conditions may be imposed, nor submit reports that have been drafted or prepared prior to the date of this Order regarding grant programs on which such restrictive conditions may be imposed, nor review such reports already produced pursuant to the Executive Order; and shall not enforce any such conditions imposed on grantees and sub-grantees to the extent they have already been included in government grants or sub-grants; and

h. Shall not take any other action, whether or not listed above, intended to effectuate or enforce Section 4 or 5 of the Executive Order.

2. This injunction shall take effect immediately. Defendants shall take appropriate steps to ensure prompt compliance, and shall provide notice of this injunction to contractors, sub-contractors, grantees, and sub-grantees for whom such terms have been imposed.

3. This injunction shall apply to all Defendants as well as any of Defendants' officers, agents, servants, employees, and attorneys. This injunction shall further apply to any other persons who are in active concert or participation with Defendants or Defendants' officers, agents, servants, employees, and attorneys. Fed. R. Civ. P. 65(d)(2).

4. This injunction shall be in effect until further order of the Court.

**IT IS SO ORDERED.**

Dated: December 22, 2020

_____
BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE